UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RODERICK ARRINGTON,

              Defendant.

DECISION AND ORDER
15-CR-33-A

---

    Defendant Roderick Arrington, who is appearing *pro se*, has moved (Dkt. No. 593) pursuant to 28 U.S.C. §§ 455(a) and (b)(1) for the Court's recusal from this case due to alleged personal bias or prejudice against him or in favor of the United States. The United States filed a response in opposition (Doc. No. 603) and defendant filed a reply (Doc. No. 607). Oral argument on the motion was heard on May 21, 2021. (CM/ECF Minute Entry, 8/5/2021). The Court assumes the parties' familiarity with the prior proceedings, the issues raised by the motion to recuse, and the arguments made by the parties. For the reasons that are stated below, the motion for recusal is denied.

## BACKGROUND

    During part of a lengthy colloquy that the Court engaged in with defendant Arrington about whether he would waive his right to an attorney and appear as his own counsel, the Court stated:

> I wish to advise you, Mr. Arrington, that, in my opinion, any trained and experienced lawyer would defend you far better than you could in defending yourself. I think it's very unwise of you to try to represent yourself. You may think that you will suffer only marginal harm because the United States is going to prevail anyway and that your dignity somehow requires you to stand fast, but I'm urging you to reconsider.

1

> You are not adequately familiar with the law, in my opinion, that governs your charges. You're not familiar with the procedural rules and the Court's own procedures. You're not familiar with the rules of evidence. And I strongly urge you not to try to represent yourself.
>
> Mr. Arrington, in light of the penalties that you might suffer if you are found guilty by a jury, as you are already aware of that, and in light of all of the difficulties of representing yourself, do you still desire to represent yourself and to give up the right to be represented by an attorney? Is that still your wish?

(Doc. No. 588, p. 30). The defendant responded that he wished to proceed without legal counsel, and the Court later granted his request while appointing stand-by counsel.

The Court's colloquy with defendant Arrington about whether he would waive legal counsel and proceed as his own attorney was necessary to meet the Court's obligation to explain to every defendant who seeks to waive legal counsel "the dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835 (1975.) The discussion among the Court, the defendant, and his counsel helped the Court to determine whether "the waiver was a rational one, and that defendant ha[d] the mental capacity to comprehend the consequences of relinquishing a constitutional right." *United States v. Schmidt*, 105 F.3d 82, 88 (2d Cir. 1997).

The decision by defendant Arrington to exercise his hallowed constitutional right to self-representation was a very important decision for him. The right to self-representation "exists to affirm the dignity and autonomy of the accused and to allow the presentation of what may, at least occasionally, be the accused's best possible defense." *McKaskle v. Wiggins*, 465 U.S. 168, 176–77 (1984).

Defendant Arrington is charged in 12 counts of a Superseding Indictment including Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); Narcotics Conspiracy, in violation of 21 U.S.C. § 846 (Count 2); Possession and Discharge of Firearms in Furtherance of Crimes of Violence and Drug Trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Counts 3, 8, 9, 11 and 14); Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (Count 7); Attempted Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. §§ 1959(a)(5) and 2 (Count 10); Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 12); Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (Count 13); and Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 15).  (Doc. No. 17).

The defendant was previously convicted by a jury of eight of these Counts, including Racketeering Conspiracy, Narcotics Conspiracy, Possession and Discharge of Firearms in Furtherance of Crimes of Violence and Drug Trafficking, Murder in Aid of Racketeering, and Attempted Murder in Aid of Racketeering.  (Doc. No. 240).  The Court sentenced him an aggregate term of two terms of life imprisonment to run consecutively, followed by a consecutive sentence of 30 years of imprisonment.  (Doc. No. 309).  On November 19, 2019, the Second Circuit Court of Appeals issued a Mandate vacating the defendant's convictions due to an inadequate waiver of his trial counsel's potential conflict of interest, and remanding the case for a new trial.  (Doc. No. 523).

Before the *Faretta* colloquy that is quoted above, defendant Arrington expressed his dissatisfaction with his original retained trial counsel, his first assigned counsel after the Second Circuit vacated his convictions, and the counsel assigned to represent him when his communications with his first assigned counsel irretrievably broke down.  *See* Doc. No. 588, pp. 4-6; 14-21.  He concluded no lawyer would make the prosecutorial misconduct argument he wanted to make and stated, " . . . I'm left to do it on my own, Your Honor."  *Id*. at p. 21; *see* p. 20.  The defendant appeared to have concluded no lawyer would help him.  In support of his recusal motion, he states he "is being forced to proceed *pro se*[ ] because the lawyers the court appoints to the defendant . . . will not go against other [a]ttorneys with prosecutorial misconduct claims."  Doc. No. 593, p. 1, ¶ 3.  In this context, he interprets the Court's statements warning him of the dangers and disadvantages of representing himself as proof that the Court has a personal bias or prejudice against him, or in favor of the United States, warranting the Court's recusal.

### DISCUSSION

Under the Due Process Clause, a judge should recuse himself or herself even in the absence of actual bias "when, objectively speaking, the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable."  *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (internal quotation marks omitted).  Similarly, under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  As with the Due Process Clause, relief under § 455(a) is not limited to cases involving actual bias.  *See United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000).  The test under § 455(a) is whether "a reasonable person, knowing all the facts,

[would] conclude that the trial judge's impartiality could reasonably be questioned," *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992), regardless of whether a judge is actually partial or biased. See *Bayless*, 201 F.3d at 126.

In addition, 28 U.S.C. § 455(b)(1) requires a judge to "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . ." Unless the alleged bias or prejudice stems from an extra-judicial source, recusal pursuant to § 455(b)(1) is unwarranted absent evidence of "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Defendant Arrington bases his motion for recusal entirely upon a purported excerpt from the *Faretta* colloquy quoted above. He quotes the Court as saying, "The United States is going to prevail anyway and that your dignity somehow requires you to stand fast, but I'm urging you to reconsider." Doc. No. 493. p. 4, ¶ 6. The defendant interprets this excerpt to mean that the Court has prejudged the outcome of his trial and has concluded that the United States will prevail. He concludes the Court is prejudiced against him and favors the United States.

But the words the defendant asserts demonstrate bias or prejudice were immediately preceded by, "*You may think that you will only suffer marginal harm because* the United States is going to prevail anyway, . . ." Doc. No. 588, p. 30 (emphasis added). When viewed in their context, it is apparent that the Court's statements urged the defendant, even if he was pessimistic about the outcome of his trial based upon the frustrations he expressed about his attorneys, to reconsider whether to proceed as his own counsel. *Id*. There was neither antagonism toward the

5

defendant nor favoritism toward the United States during this colloquy or at any other time.  *See e.g., LoCascio v. United States*, 473 F.3d 493, 496-97 (2d Cir. 2007) (the district court's "comment, read in context, cannot reasonably be construed as exhibiting personal animosity toward [defendants] or a [defendant's] claim."  Instead, the Court's statements facilitated a careful assessment under *Faretta v. California*, 422 U.S. 806 (1975), whether the defendant was knowingly and voluntarily invoking his right to represent himself despite the negative feelings he expressed about his ability to persuade his attorneys to contest the charges against him in the way he favors.  The defendant's suggestion in support of his motion for recusal that he is being "forced" to proceed *pro se* because attorneys have not adopted his arguments confirms that the Court's inquiry during the *Faretta* colloquy was a prudent one.  The Court's words certainly do not show the kind of "deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky*, 510 U.S. at 555.

Moreover, because it is apparent that defendant Arrington misinterpreted the Court's reference to his frustrated state of mind after taking the Court's words out of context, it is apparent that no "reasonable person, knowing all the facts, [would] conclude that the [Court's] impartiality could reasonably be questioned."  *Lovaglia*, 954 F.2d at 815.  The defendant points to no evidence at any time during his lengthy pretrial proceedings before his first trial, or during the trial, which corroborates his assertion of bias or prejudice against him or in favor of the United States.  There is simply no evidence to justify the Court's recusal.

A Judge is "as much obliged not to recuse himself when it is not called for as he is obliged to when it is."  *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002).  In

6

this case, defendant Arrington has not shown an appearance of bias or prejudice, let alone evidence of actual bias or prejudice, sufficient to warrant recusal under the Due Process Clause, 28 U.S.C. § 455(a) or § 455(b)(1).  The motion for recusal is therefore denied.

## CONCLUSION

For all of the foregoing reasons, the *pro se* motion of defendant Roderick Arrington pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1) that the Court recuse itself, Doc. No. 593, is denied.

**SO ORDERED.**

                                               __*s/Richard J. Arcara*_____
                                               HONORABLE RICHARD J. ARCARA
                                               UNITED STATES DISTRICT COURT

Dated:  August 19, 2021