UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

RODERICK ARRINGTON,

               Defendant.

**DECISION AND ORDER**
15-CR-33-A

The Government has filed a motion (Dkt. No. 696) requesting two forms of relief: first, that the Court exclude time pursuant to the Speedy Trial Act, and second, that the Court schedule a status conference.  The motion is hereby GRANTED in part and DENIED in part.  In addressing the Government's motion, the Court also addresses the status of Defendant's motion to dismiss on due process grounds (Dkt. No. 679) and the other pending motions on the Docket.

I.    **MOTION TO EXCLUDE TIME**

The Government's motion, filed on March 15, 2022, seeks to exclude time pursuant to the Speedy Trial Act from March 9, 2022 "through and including the next scheduled Court date."

"Certain precisely defined periods of delay are automatically excluded from the calculation of the seventy-day time limit, such as those resulting from necessary pretrial proceedings or interlocutory appeals."  *United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir. 1985), citing 18 U.S.C. § 3161(h)(1)-(7).  The Government

1

acknowledges that time is automatically excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) because multiple motions are pending before the Court. Those motions include Defendant's motion to dismiss the Superseding Indictment on Speedy Trial Act and Sixth Amendment speedy trial grounds (Dkt. No. 661); Defendant's motion to dismiss the Superseding Indictment for violation of his due process rights (Dkt. No. 679); two motions pertaining to attorney-client issues and the status of standby counsel (Dkt. Nos. 679, 684); the Government's motion to set a date for trial (Dkt. No. 683); and Defendant's motion to preclude acquitted conduct from introduction at trial (Dkt. No. 671), which has been held in abeyance until a trial schedule is set (Dkt. No. 692).

However, the Government seeks to exclude time for an additional reason, namely, as being in the interests of justice and not contrary to the interests of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(b)(iv). "A retroactive finding that a continuance was granted in order to further the ends of justice to create excludable time is not permitted." *United States v. Sachakov*, 812 F. Supp. 2d 198, 205 (E.D.N.Y. 2011), citing *United States v. Kelly*, 45 F.3d 45, 47 (2d Cir. 1995); *see Tunnessen*, 763 F.2d at 77 ("Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period.").

As such, the Court denies the motion to exclude time in the interests of justice as backdated to March 9, 2022. However, the Court hereby makes an interests-of-

2

justice finding from the date of this Decision and Order, through and including the date of the next scheduled status conference, as is discussed below.

## II.   MOTION TO SCHEDULE A STATUS CONFERENCE

The Government also requests that the Court schedule a status conference or oral argument date, to be held in person.

The Court had originally scheduled an oral argument date to be held on March 9, 2022, via Zoom for Government, concerning Defendant's motion to dismiss on due process grounds (Dkt. No. 679).  In Defendant's reply papers on that motion (Dkt. No. 693), he objected to holding the oral argument remotely and instead request that the argument be held in person, in the Courtroom.  In the interim, the Court reviewed the parties' papers and determined that further briefing was necessary, and then issued a Text Order (Dkt. No. 692) cancelling the March 9th oral argument and directing Defendant's standby counsel to file an under-seal affidavit regarding his personal knowledge of the incident that gave rise to the due-process motion by March 23, 2022.  That under-seal affidavit was submitted to the Court and has now been docketed under seal (Dkt. No. 697).

Upon review of standby counsel's under-seal affidavit and the parties' papers on the motion to dismiss on due process grounds (Dkt. Nos. 679, 690, 693, 694), the Court has determined that it requires further papers to resolve the motion and decide whether a hearing is necessary.  Specifically, an affidavit or affidavits from the Government, *i.e.*, FBI Agents and/or jail personnel at Cattaraugus County Jail like Captain Keller (the latter, as referred to in standby counsel's affidavit), with

personal knowledge to establish the "chain-of-custody" of the materials taken from Defendant's cell on December 21 or 22, 2022, up through today, shall be provided. The affidavit(s) should also discuss whether or not the individuals who handled these materials differentiated between any personal materials or items of Defendant's, privileged materials, and non-privileged materials, and explain where those items were retained and when.

The Government shall also address Defendant's allegations in his motion papers that certain materials are missing and have not been returned to him, including two letters from a witness who he was going to subpoena to testify on his behalf at the trial, and one manilla envelope containing other trial materials.  It shall also address any concerns regarding attorney-client communications and attorney work product, namely, Defendant's work product.

The Government has until April 25, 2022 to submit these supplemental papers.

In any event, the Court grants the Government's motion, in part, and directs the parties to appear for a status conference on May 25, 2022 regarding Defendant's motion to "recuse" his standby counsel (Dkt. No. 679) and standby counsel's motion to be converted from that role to "advisory counsel" or to withdraw from the case (Dkt. No. 684), the latter which was filed (as far as the Court is aware) before further developments concerning the attorney-client relationship occurred.

The Court notes that Defendant's other motion to dismiss, on speedy trial grounds (Dkt. No. 661), has been fully briefed (*see* Dkt. Nos. 661, 667, 675) and is deemed submitted and under review, and that the papers are quite voluminous.

4

## **CONCLUSION**

For the reasons stated above, it is hereby ORDERED that the Government's motion to exclude Speedy Trial Act time retroactively to March 9, 2022 in the interests of justice is DENIED; and it is further

ORDERED that the Government's motion to exclude Speedy Trial Act time from the date of this Decision and Order through and including the date of the next scheduled Court proceeding on May 25, 2022, is GRANTED pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(b)(iv), and the Court specifically finds that the interests of justice outweigh Defendant's and the public's right to a speedy trial, specifically, to provide time for Defendant to prepare for trial and communicate with his private investigator, to permit adequate time for the filing of supplemental motion papers so that the Court is in the best position to decide how to proceed with the alleged due process issue raised by Defendant, and to permit sufficient time for the Court to explore the option and feasibility of appointing new standby counsel to Defendant; and it is further

ORDERED that the Government is to submit its supplemental papers on Defendant's motion to dismiss on due process grounds (Dkt. No. 679), as outlined above, on or before April 25, 2022, after which time the Court will determine whether to hold a hearing, schedule oral argument, or decide the motion on the papers; and it is further

ORDERED that the parties are to appear for a status conference on Defendant's motion to "recuse" his standby counsel (Dkt. No. 679), and standby counsel's motion to be converted from standby counsel to "advisory counsel" or to

withdraw from the case (Dkt. No. 684), on May 25, 2022 at 10:30 AM.  The proceeding will be held in person, and in the Courtroom.  **The parties should also be prepared to potentially set a trial date at the May 25th proceeding, in the event Defendant's two motions to dismiss are denied.**

The Court notes that time is additionally, automatically excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), as pretrial motions remain pending on the Docket.


**SO ORDERED.**


_s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   March 25, 2022