UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                      **DECISION AND ORDER**
                                                                15-CR-33-A

RODERICK ARRINGTON,

                    Defendant.

---

Pending before the Court is *pro se* Defendant Roderick Arrington's motion (Dkt. No. 705) for reconsideration of the Court's denial (*see* Dkt. No. 657, pp. 15-22 [Decision and Order]) of Arrington's motion for disclosure of grand jury materials, pursuant to Federal Rule of Criminal Procedure 6.[1] The Government filed opposition papers (Dkt. No. 707) and Defendant filed reply papers (Dkt. No. 713). For the reasons set forth below, Arrington's motion for reconsideration is DENIED.

The Court assumes the parties' familiarity with the procedural history of this case and the issues raised in the instant motion, which have been discussed extensively in the Court's prior, post-Mandate rulings (*see* Dkt. Nos. 657, 724, 737, 752). Arrington's arguments concerning alleged procedural misconduct and

---

[1] Arrington also stylizes his motion as a motion to dismiss pursuant to Fed. R. Crim. P. 12(b)(1) and (b)(3)(A) ("a motion alleging a defense in instituting the prosecution"), which the Court deems as untimely. Defendant further asks that the Court "reopen" his motions at Docket Numbers 596, 602, 534, 542, and 671. These motions were all previously disposed of by the Court (*see* Dkt. Nos. 657 [Decision and Order]) or held in abeyance to be addressed as a motion *in limine* (*see* Dkt. No. 671, 692 [Text Order]). The Court sees no reason to reconsider such motions; thus, the instant Decision and Order focuses on Defendant's motion to reconsider his Rule 6 motion regarding grand jury materials.

1

impropriety in the grand jury have been raised in practically every motion before this Court following the Court's denial of his Rule 6 motion—the latter which was denied as both outside the scope of the Second Circuit Mandate remanding the case for a new trial, and in the alternative, on the merits.  For sake of efficiency and coherency in its decision-making, the Court deferred consideration of those issues until ruling upon the instant motion.

## DISCUSSION

I. **Legal Standard**

A court has inherent authority to reconsider its own interlocutory orders.  *See United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982).  "Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions have traditionally been allowed within the Second Circuit."  *United States v. Smith*, 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015) (internal quotation marks and citation omitted).  " 'District courts have applied the applicable civil standard to such motions in criminal cases.' "  *Id.*, quoting *United States v. Larson*, 2013 WL 6196292, 2013 U.S. Dist. LEXIS 169088, *2 (W.D.N.Y. Nov. 23, 2013).

As the Second Circuit has explained, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  In other words, "[a] motion for reconsideration may be granted where the moving party

2

identifies [1] an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice." *United States v. Raheen*, 02-CR-891 (ARR), 2020 WL 6784136, 2020 U.S. Dist. LEXIS 215595, *1-2, (E.D.N.Y. Nov. 18, 2020) (internal quotation marks and citation omitted); *see Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (same).  The criteria for a motion for reconsideration "are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Smith*, 105 F. Supp. 3d 255, 258

"A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *United States v. Lucas*, 383 F. Supp. 3d 105, 110 (W.D.N.Y. 2019) (internal quotation marks and citation omitted). Thus, reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016).

"The decision to grant or deny a motion for reconsideration is within 'the sound discretion of the district court . . .'" *United States v. Stacharczyk*, 511 F. Supp. 3d 438, 440 (W.D.N.Y. 2021), quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## II.   Application

Arrington argues that the Court should reconsider his Rule 6 motion on two grounds, *i.e.*, "new evidence" and "to prevent a miscarriage of justice."  Dkt. No. 705,

pp. 1, 17; Dkt. No. 713, p. 2.  The Court concludes that Arrington's motion fails to meet the high standard required of a motion for reconsideration.

### A.     Reiteration of previous arguments

Many of Arrington's contentions are reiterated from his first set of voluminous Rule 6 motion papers, such as allegations that his trial attorney during his first trial committed "intentional misconduct" and he did not receive a "fair trial" the first time around;[2] the Court lacks "standing" and is without subject matter jurisdiction, and the Superseding Indictment is "invalid";[3] the AUSAs are engaged in a "conspiracy" against him to "cover up" alleged prosecutorial misconduct;[4] and he did not have access to the discovery and trial materials necessary to argue his motions regarding acquitted conduct and double jeopardy.[5]

These allegations are improper grounds to grant a motion for reconsideration, as it "may not be used . . . as a vehicle for relitigating issues already decided by the Court." *Lucas*, 383 F. Supp. 3d at 110.

---

[2] The case is proceeding to a retrial on September 7, 2022, rendering this argument moot currently.

[3] Indeed, this same *pro se* motion was denied in the Court's Rule 29 Decision and Order following the first trial.  See Dkt. No. 303, pp. 21-22.

[4] Practically since the Second Circuit mandate was issued, Arrington has repeatedly asserted there is an over-arching conspiracy against him.  See, *e.g.*, 752, pp. 16-17 (during the due process hearing motion to dismiss, Arrington asked one of his former standby attorneys whether he had "conspired" with the Government against Arrington); 22-CV-06141-FPG (civil lawsuit commenced by Arrington against the AUSAs, his former trial attorney and former standby counsel, the jail captain at the facility where he was previously detained, and two FBI agents).

[5] This exact reason is why on November 18, 2021, the Court denied Arrington's motion (Dkt. Nos. 534, 542) based on double jeopardy and issue preclusion, but without prejudice to renewal, to afford Arrington an opportunity to refile the motion along with supplemental briefing once he did gain access to the necessary documents.  See Dkt. No. 657, pp. 13-15.  On December 9, 2021, Arrington refiled the motion (Dkt. No. 671), which the Court held in abeyance, as noted above.  See *infra*, p. 1 n.1.

    **B.**    **Alleged "new evidence," and "need to correct a clear error or prevent manifest injustice"**

First, Arrington argues throughout his motion papers that there is "new evidence" pertinent to his motion to preclude (Dkt. No. 671) evidence at the retrial related to the execution of a search warrant on or about October 31, 2014 at 82 Girard Place, as well as to redact Counts 9 through 12, and Overt Act 29 of Count 1, from the Superseding Indictment, based upon double-jeopardy and issue preclusion grounds.  The jury acquitted Arrington of Counts 9 through 12 at the first trial, which allege possession of heroin with intent to distribute (Count 9), maintaining a drug-involved premises (Count 10), possession of a firearm in furtherance of drug trafficking crimes (Count 11), and possession of a firearm and ammunition by a convicted felon (Count 12).

The "new evidence" that Arrington alleges concerns an April 2020 search warrant application submitted by the Federal Bureau of Investigation to Magistrate Judge Michael J. Roemer, seeking Arrington's DNA buccal sample relative to information from a cooperating source that Arrington committed an unindicted crime in 2013.  Magistrate Judge Roemer issued a corresponding search warrant.  *See* 22-MJ-5061.  According to the Government, while analyzing Arrington's DNA buccal sample with respect to the unindicted crime, Central Police Services ("CPS") Laboratory also used Arrington's DNA buccal sample to compare his DNA profile to the DNA profile from the recovered firearm from 82 Girard Place on October 31, 2014—and found "very strong scientific support" that Arrington was a contributor to the DNA profile obtained from the firearm.

5

Arrington argues that the Government's use of Arrington's DNA in this fashion was illegal, the Government used the DNA buccal sample to "plant" Arrington's DNA on the subject firearm before it was tested, and the new DNA report from CPS laboratory was a "fraud."  He also argues that the Government failed to provide him with a copy of the search warrant application.[6]

Again, the Court held the motion to preclude (Dkt. No. 671) in abeyance to be addressed as a motion *in limine* (*see* Dkt. No. 692) and at the Government's request, because at the time it was filed the Government had not yet solidified its trial proof.

The Court declines to consider these arguments in the instant Decision and Order.  Because the Court did not yet rule on the double jeopardy/ issue preclusion motion, there is nothing for the Court to reconsider.  Indeed, the parties have now filed their motions *in limine* and have each raised this precise issue while arguing for and against admission of the acquitted conduct at the retrial.  *See* Dkt. No. 767, pp. 3-15 (Gov't Motion *in Limine* #2); Dkt. No. 773 (Def's Motions *in Limine*).  As such, the Court will defer consideration of this issue until it assesses and rules upon the parties' respective motions *in limine*.

Second, Arrington argues, as he did before, that the Government presented "known" and perjured testimony before the grand jury, resulting in an "invalid" Superseding Indictment and with that AUSA abdicating his duty to correct known

---

[6] The Government responds that it provided Arrington with 18 U.S.C. § 3500 material "far in advance of trial," on or about April 8, 2022, for Arrington to review in the presence of jail officials, per the Court's Protective Order, including the April 2020 search warrant affidavit.

perjury. He now argues anew that the current AUSAs "switched records" of one grand jury witness's testimony with that witness's trial testimony to dupe the Court into ruling in the Government's favor on Arrington's Rule 6 motion. Dkt. No. 705, pp. 9, 11. The Government responds that it "did not mischaracterize or otherwise 'swap out' a grand jury transcript for a trial transcript in arguing its opposition to [Arrington]'s prior motion." The Court notes that the page of the Government's response to Arrington's Rule 6 motion to which Arrington refers, *see* Dkt. No. 602, p. 9, merely references pages of Arrington's Rule 6 motion that extensively quote this witness's grand jury testimony, *see* Dkt. No. 596, pp. 7-12, 23-24.

The Court has reviewed Arrington's remaining arguments and concludes that they are either without merit or warrant no further discussion.

## CONCLUSION

For the foregoing reasons, Arrington's motion (Dkt. No. 705) for reconsideration is DENIED.

**SO ORDERED.**

                                           *s/Richard J. Arcara*
                                           HONORABLE RICHARD J. ARCARA
                                           UNITED STATES DISTRICT COURT

Dated:  August 30, 2022
         Buffalo, New York