UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RODERICK ARRINGTON,

                Defendant.

**DECISION AND ORDER**
15-CR-33-A

---

Before the Court are various motions *in limine* filed by the Government (Dkt. No. 767) and *pro se* Defendant Roderick Arrington (Dkt. Nos. 773, 777), in advance of Arrington's retrial scheduled for jury selection on September 7, 2022.[1] The Government has filed a response (Dkt. No. 791) and supplemental response (Dkt. No. 803) in opposition to Arrington's motions. Arrington did not file opposition papers, but on September 1, 2022 he argued several of his own motions *in limine* orally, and on September 6, 2022 argued his opposition to a few of the Government's motions orally.

---

[1] The Court assumes the parties' familiarity with this case's factual and procedural history. *See* Dkt. No. 523 (Second Circuit Mandate), *United States v. Arrington*, 941 F.3d 24 (2d Cir. 2019); *see also* Dkt. Nos. 627, 657, 698, 724, 737, 752 (various Decisions and Orders post-Mandate), *United States v. Arrington*, 15-CR-33-A, 2021 WL 3673364, 2021 U.S. Dist. LEXIS 157164 (W.D.N.Y. Aug. 19, 2021); *United States v. Arrington*, 15-CR-33-A, 2021 WL 5369824, 2021 U.S. Dist. LEXIS 223296 (W.D.N.Y. Nov. 18, 2021); *United States v. Arrington*, 15-CR-33-A, 2022 U.S. Dist. LEXIS 54315 (W.D.N.Y. Mar. 25, 2022); *United States v. Arrington*, 15-CR-33-A, 2022 WL 1784808, 2022 U.S. Dist. LEXIS 98034 (W.D.N.Y. June 1, 2022); *United States v. Arrington*, 15-CR-33-A, 2022 WL 2586501, 2022 U.S. Dist. LEXIS 120830 (W.D.N.Y. July 8, 2022); *United States v. Arrington*, 15-CR-33-A, 2022 WL 3229843, 2022 U.S. Dist. LEXIS 142770 (W.D.N.Y. Aug. 10, 2022).

The parties' motions *in limine* are decided in the manner set forth below, other than the following, which will be addressed either in a subsequent decision or during the course of the trial: (1) the Government's motion *in limine* to admit acquitted conduct to prove Count 1 and Count 2, *i.e.*, the conspiracy counts, and Arrington's corresponding motion to preclude such evidence; (2) the Government's motion to offer evidence of Arrington's previous incarceration and supervised release as inextricably intertwined evidence and/or as Rule 404(b) evidence; (3) the Government's motion to admit expert narcotics testimony regarding price, quantity, paraphernalia, and tools of the drug trade under Rule 704; and (4) Arrington's motion to preclude evidence of an "uncharged act" from February 10, 2005 (charged as Overt Act # 4 in the Superseding Indictment, *see* Dkt. No. 17, ¶ 12(4)).

## **DISCUSSION**

"A party seeking a ruling on the admissibility at trial of certain anticipated evidence may file a motion *in limine*." *Walker v. Schult*, 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019). "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Hamlett*, No. 3:18-cr-24 (VAB), 2018 WL 4854627, 2018 U.S. Dist. LEXIS 172179, *3 (D. Conn. Oct. 5, 2018), citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) and *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) ("The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial . . . without lengthy argument at, or interruption of, the trial.") (internal quotation marks and citation omitted).

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "The movant has the burden of establishing that the evidence is not admissible for any purpose." *United States v. Goodale*, 831 F. Supp. 2d 804, 808 (D. Vt. 2011). "[C]ourts considering a motion *in limine* may reserve decision until trial [in lieu of determining the motion before trial], so that the motion is placed in the appropriate factual context." *United States v. Gasperini*, 16-CR-441 (NGG), 2017 U.S. Dist. LEXIS 114166, *2 (E.D.N.Y. July 21, 2017) (internal quotation marks and citations omitted).

## I. The Government's motions *in limine*

### A. Motion to redact certain portions of the Superseding Indictment to avoid confusing the jury

The Government seeks redaction of paragraph 12 of the Superseding Indictment, which alleges a host of overt acts in furtherance of a conspiracy to participate in the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).

Unlike the general conspiracy statute, 18 U.S.C. § 371, the RICO conspiracy statute, 18 U.S.C. § 1962(d), contains "no requirement of some overt act or specific act." *Salinas v. United States*, 522 U.S. 52, 63 (1997); *see United States v. Yannotti*, 541 F.3d 112, 129 (2d Cir. 2008) ("overt acts are not distinct offenses that must be proven to sustain a RICO conspiracy conviction"). Instead, to prove a RICO conspiracy, "the government is required to prove only the existence of an agreement to violate RICO's substantive provisions." *United States v. Applins*, 637 F.3d 59, 74

3

(2d Cir. 2011) (quotation marks omitted).  Thus, the indictment in this case is valid with or without any overt act allegations.  *See United States v. Nance*, 168 F. Supp. 3d 541, 546 n.2 (W.D.N.Y. 2016).

Arrington has not made any arguments in opposition to this motion.  The Court notes that he already has sufficient notice—from discovery, from the first trial, and from the Government's exhibit and witness lists for the retrial—of what the Government will attempt to prove in this case.  In addition, the Government only asks to redact the indictment that will be read and provided to the jury; Arrington, of course, will still have the un-redacted indictment, and he will therefore still be fully aware of what the Government seeks to prove.

Arrington does not raise a claim that redacting paragraph 12 would constructively amend the indictment, nor could he successfully do so.  As the Second Circuit somewhat recently reaffirmed, an indictment "is not constructively amended . . . where a portion of the indictment that is unnecessary for a conviction of the crime charged is removed or altered."  *United States v. Dove*, 884 F.3d 138, 146 (2d Cir. 2018) (citing *United States v. Miller*, 471 U.S. 130, 136-37 (1985)).  Because an overt act is not an element of a RICO conspiracy, redacting the indictment's overt act allegations would not result in a constructive amendment.

The Government's motion to redact paragraph 12 from the Superseding Indictment is therefore granted.[2]

---

[2] The Government also moves to redact paragraph 13 of the Superseding Indictment ("Notice of Special Sentencing Factors Regarding Count 1").  Paragraphs 13 and 14 pertain to Arrington's co-defendants, only, and therefore would be redacted regardless.  The Court therefore presumes that the Government means paragraph 15 of the Superseding Indictment, which is

4

### B. Motion to introduce Luis Zuniga's prior trial testimony pursuant to Rule 804 because Zuniga is unavailable

The Government seeks to introduce Government witness Luis Zuniga's prior trial testimony, as an exception to the rule against hearsay where the declarant is unavailable as a witness. *See* Fed. R. Evid. 804(a)(5)(A); 804(b)(1). It also asserts that "[t]he Confrontation Clause does not apply" to Zuniga's testimony from the first trial. The Government requested in its written motions *in limine* submission (*see* Dkt. No. 767, p. 21 n.7) and orally at proceedings held on August 29, 2022, September 1, 2022, and September 6, 2022 to hold this motion in abeyance, because the Government anticipates procuring Zuniga's attendance at trial. For the first time on September 6, 2022, Arrington orally objected to any use by the Government of Zuniga's trial transcript from the first trial, should he be unavailable, arguing that this would violate the Confrontation Clause.

The Government's request to hold the motion in abeyance is granted. Should the Government learn Zuniga will be unavailable to testify,[3] it shall immediately alert the Court upon ascertaining that information and submit a detailed affidavit and/or memorandum supplementing this motion, concerning its efforts to obtain Zuniga's attendance—so the Court may further assess this issue.

---

the special sentencing factor pertaining to Arrington. *See* Dkt. No. 17, ¶ 15. As Arrington does not oppose this request, the Court hereby grants it. However, as explained orally to the Government, the Court requires it to keep in the redacted indictment the line directly following paragraph 15, *i.e.*, "All in violation of Title 18, United States Code, Section 1962(d)."

[3] Per the Government's first amended witness list, Zuniga is anticipated to testify on September 14, 2022. *See* Dkt. No. 799, p. 27.

### C. Motion to preclude any testimony concerning the existence of a prior trial under Rule 403

The Government seeks an *in limine* ruling that "the parties are barred from introducing evidence concerning the verdicts rendered in the September 2017 trial and the mention that witnesses have previously testified in this matter in a prior trial." The Government concedes that the parties may impeach witnesses with their testimony from the first trial but requests an order that the parties "not be allowed to refer to the testimony as coming from a 'first trial,' 'not guilty on some counts,' or any other reference to a previous trial on these issues." The Government requests that the parties, in referencing testimony from the first trial, instead simply refer to the testimony as being taken at a prior "proceeding." In addition, the Government requests that the Court prohibit Arrington from "introducing evidence of the jury verdict at the first trial as this is highly irrelevant, confusing, and has no probative value," and argues that allowing such testimony "would improperly infringe upon or even usurp the new jury's role."

Considering the Court's comprehensive understanding of the facts and issues in this case, the Court cannot fathom how mentioning the prior trial or its result would be relevant in the retrial. *See* Fed. R. Evid. 401. And aside from relevancy, remarking on the prior trial or its outcome would certainly confuse and mislead the new jury, and unfairly prejudice the Government. *See* Fed. R. Evid. 403.

"Where appropriate, a district court may prohibit direct references to prior trials." *United States v. Munoz-Mosquera*, No. 95-1278, 1996 U.S. App. LEXIS 10860, *6 (2d Cir. 1996) (summary order).

6

The Court hereby grants this motion.  During the retrial, the parties are prohibited from referring to a "prior trial," "first trial," "initial trial," "prior" acquittal or conviction on certain counts, or otherwise suggest in any fashion that this case has been previously tried or what its outcome was.  If either party seeks to impeach a witness with that witness's testimony from the first trial, the party shall refer to the witness's testimony in a prior "proceeding" without commenting that said "proceeding" was an earlier trial of this case.  *See*, *e.g.*, *United States v. Thomas*, 214 F. Supp. 3d 187, 194 (E.D.N.Y. 2016) ("The Court finds any reference to a 'prior trial' inappropriate because it is inadmissible hearsay, irrelevant to this trial, and will potentially confuse the jury.  The parties may not mention the 'prior trial'; any reference to the trial before [a different judge] must be to a 'prior proceeding,' a term broad enough to encompass a deposition, hearing, or trial."); L. Sand, *et al.*, *Modern Federal Jury Instructions: Criminal* (2016) Instruction 2-13, cmt. (noting that "many jurisdictions proscribe any reference to previous trials, using instead references to 'a prior proceeding'").

However, the Court understands that "the dynamics of a particular trial may require the trial judge to reverse or curtail a ruling that initially precluded all references to a prior trial." *United States v. Giovanelli*, 945 F.2d 479, 487 (2d Cir. 1991).[4]  Should that situation arise during the retrial and Arrington have a particular

---

[4] For example, in the *Giovanelli* case, the Second Circuit held the trial court abused its discretion in instructing at the outset of the trial that the parties were to not refer to the fact that there were prior trials but instead were to refer to those trials as "prior proceedings"—and then "subsequently and repeatedly expanded" this ruling in instructing defense counsel to refer to grand jury proceedings, prior interviews, and the like, as only "prior proceedings" as well. *Giovanelli*, 945 F.2d at 487-488.  The Second Circuit reasoned, "from the very first day of trial, it

7

need to mention the first trial in front of the jury, he can raise this argument outside the presence of the jury or file a motion seeking permission to do so, and the Court will then revisit this ruling.  Indeed, on September 6, 2022, Arrington raised for the first time his argument that he should be able to refer during the retrial to the count Aaron Hicks was previously acquitted of.  The Court directed the parties to further brief this issue.

### D. Motion to admit business records without a custodian under Rule 902(11) and Rule 803(6)

The Government seeks an *in limine* ruling that certain airlines' business records be admitted during the trial without a custodian,[5] pursuant to Rule 902(11) and Rule 803(6), or alternatively, Rules 902(13) or 902(14).  The records depict alleged Schuele Boys associates Aaron Hicks and Julio Contreras traveling between

---

was patently clear that the crux of the defense to the alleged predicate acts of murder and attempted murder would be that key government witnesses . . . had subtly refined their testimony at the various trials and proceedings.  As a result, the ability to confront witnesses with their own prior statements, and to show that those statements had been made in a setting as solemn and dignified as the current trial, was of extreme importance to the defense." *Id.* at 488.  It further noted that there was a "simple solution" to the district judge's predicament—to explain the doctrine of dual sovereignty to the jurors (the conduct underlying the federal racketeering charges had been previously tried twice in state court), and then "(1) revealed that during the trial the jury would hear references made to testimony given at prior state trials, (2) instructed the jurors not to speculate about the outcome of the prior trials, and (3) permitted counsel to refer to the trials but not to their outcome." *Id.* at 488-489.

[5] The Government's pretrial memorandum also mentions that it will seek to admit as self-authenticating and accompanied by a certificate of authenticity Government Exhibit 22 from the State of Nevada, Office of the Secretary of State, Commercial Recordings Division, for the Articles Incorporation and a list of officers, filed for G.O.N.E. Ent a/k/a GONE Entertainment. *See* Dkt. No. 768, pp. 16-17.  However, the Government's motions *in limine* filing only makes mention of the airline records.  *See* Dkt. No. 767, pp. 28-29.  As such, by way of this Decision and Order the Court has considered only the motion to admit airline records as self-authenticating.  The Government may file a similar motion to admit the GONE Entertainment records as self-authenticating, to which Arrington is directed to respond should he challenge that motion.

Buffalo, New York, and Texas, presumably theorized by the Government in furtherance of their cocaine trafficking.  See Gov't Ex. 19, 20, and 21B (records from Southwest and American Airlines); Gov't Ex. 16, 17, 21A, and 39 (records from United Airlines).  The Government has submitted record certifications from each airline.  See Gov't Ex. 16A (United), 16B (United), 20B (Southwest), and 21C (American).

Rule 902(11) provides that business records are self-authenticating if (1) "a certification of the custodian or another qualified person" shows that the "original or a copy of a domestic record" complies with Rule 803(6)(A)-(C), *i.e.*, the hearsay exception for business records; (2) the certification "complies with a federal statute or a rule prescribed by the Supreme Court"; and (3) "[b]efore the trial . . ., the proponent . . . give[s] an adverse party reasonable written notice of the intent to offer the record" and "make[s] the record and certification available for inspection—so that the party has a fair opportunity to challenge them."  As cross-referenced in Rule 902(11), Rule 803(6) (records of a regularly conducted activity) provides that evidence is "not excluded by the rule against hearsay" if (A) "the record was made at or near the time by — or from information transmitted by — someone with knowledge"; (B) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) "making the record was a regular practice of that activity."

Thus, "Rules 902(11) and 803(6) are . . . designed to work in tandem." *United States v. Komasa*, 767 F.3d 151, 155 (2d Cir. 2014).  Indeed, "Rule 902(11) extends Rule 803(6) by allowing a written foundation in lieu of an oral one." *United States v.*

9

*Malka*, S3 19-CR-497 (NSR) (05)(09), 2022 WL 1488568, 2022 U.S. Dist. LEXIS 86361, *44 (S.D.N.Y. May 11, 2022), quoting *United States v. Rom*, 528 F. App'x 24, 27 (2d Cir. 2013).

Before determining whether the business records are admissible here, the Court first notes that "a business record properly admitted pursuant to Federal Rule of Evidence 803(6) cannot be testimonial because a business record is fundamentally inconsistent with what the Supreme Court has suggested comprise the defining characteristics of testimonial evidence . . . , e.g., that the primary purpose of the evidence is to establish or prove past events potentially relevant to later criminal prosecution." *United States v. Weigand*, 20-cr-188 (JSR), 2021 WL 568173, 2021 U.S. Dist. LEXIS 28417, *3 (S.D.N.Y. Feb. 14, 2021) (internal quotation marks and citations omitted). Moreover, "[b]y the same token, courts across the country have held . . . that a custodian's certification pursuant to Federal Rule of Evidence 902(11) is not testimonial." *Id.* (internal citation omitted); *see United States v. Ray*, 20-cr-110 (LJL), 2022 WL 558146, 2022 U.S. Dist. LEXIS 34583, *52 (S.D.N.Y. Feb. 24, 2022) ("Business record certifications are not testimonial, and therefore the Defendant enjoys no right of confrontation against the person who prepares such a certification.") (internal citation omitted); *United States v. Qualls*, 553 F. Supp. 2d 241, 245-246 (E.D.N.Y. 2008) ("In the context of traditional hearsay exceptions, the Supreme Court noted that business records 'by their nature were not testimonial.'"), quoting *Crawford v. Washington*, 541 U.S. 36, 56 (2004) (collecting cases where Circuits have rejected *Crawford* challenges to authentication of domestic business records by certification).

10

The Court concludes that the Government has complied with each of the requirements set forth in Rule 902(11) and Rule 803(6), including that the Government provided Arrington with "reasonable written notice" of its intent to offer these records, and made the records and certifications available for Arrington's inspection so he had "a fair opportunity to challenge them."  The airlines certifications repeat the requirements of Rule 803(6)(A)-(C) nearly verbatim; they are signed pursuant to 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury), *see* 2000 Advisory Committee Note to Rule 902(11); and the Government provided notice of its intent to offer the certifications in writing in its motions *in limine* and pretrial memorandum, filed on August 26, 2022.  *See* Dkt. No. 767, p. 29; Dkt. No. 768, p. 17.  The airline records are therefore self-authenticating under Rule 902(11).

In the event the Government establishes the relevance of these business records, the Court will permit the Government to authenticate them through written certifications under Federal Rule of Evidence 902(11).

### E. Motion to conditionally admit certain evidence under Rule 104(b)

Federal Rule of Evidence 402 "provides, as a foundational matter, that evidence is admissible only if it is relevant."  *United States v. Dawkins*, 999 F.3d 767, 789 (2d Cir. 2021).  Rule 104(b) states, "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist.  The court may admit the proposed evidence on the condition that the proof be introduced later."  Moreover, "[i]n determining whether [a party] has introduced sufficient evidence to meet Rule 104(b), . . . [t]he court simply

11

examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Dawkins*, 999 F.3d at 789 and n.62, *quoting Huddleston v. United States*, 485 U.S. 681, 690 (1988).

The Government moves to "conditionally admit certain evidence in its case-in-chief through numerous chain-of-custody witnesses." It also notes that because of its out-of-State witnesses and large number of witnesses, generally, it has inevitably run into scheduling issues and may need to call these witnesses out of order and conditionally admit certain items of evidence. The Government explains that it will later prove the conditions by a preponderance of the evidence as soon as the evidence is properly authenticated by the respective witness. It expects that such presentation of its evidence will avoid juror confusion or the need to elicit testimony from witnesses in a "piecemeal fashion," and "streamline the proof."

The Court will address this issue as it arises, on a situational basis, during the trial. A Rule 104(b) hearing will be conducted during trial prior to the Government's effort to introduce such evidence, as deemed required by the Court.

II.     **Arrington's motions *in limine*** 

   A. **Motion to exclude "all" evidence that is inadmissible**

Arrington generally moves to "exclude all" evidence that is inadmissible under the Federal Rules of Evidence, naming Rules 401, 402, 403, 404(b), 608(b), 609, 802, 803, 803(24), 804, 804(b)(1), and 807. This motion is too sweeping to grant in a motion *in limine* ruling. As such, the Court reserves decision on this motion *in*

*limine* so that the parties' objections to admission of evidence may be placed in their appropriate factual context at trial.

### B. Motion to dismiss the Superseding Indictment, and motion to preclude the testimony of two Government witnesses, because of "outrageous governmental misconduct"

Arrington moves for dismissal of the Superseding Indictment under Rule 12(b)(1), arguing that misconduct by the Government has denied him the right to a fair trial under the Fifth and Sixth Amendments to the U.S. Constitution. In related fashion, Arrington moves to preclude testimony of two Government witnesses (*i.e.*, Damon Hunter and Jerome Grant) because his "whole trial defense" is allegedly "missing"—certain documents pertaining to those witnesses that he asserts are missing through the "fault" of the Assistant U.S. Attorneys.

This Court previously decided this issue in a detailed Decision and Order issued on August 10, 2022, following rather extensive briefing from the parties, a two-day due process hearing with two witnesses called by the Government and eight witnesses called by Arrington, and post-hearing oral argument. *See* Dkt. No. 752. In short, the Court denied Arrington's motion to dismiss the Superseding Indictment based on an alleged due process violation by the Government, pertaining to an incident on December 22, 2021 where two FBI agents, at the direction of the AUSAs in this case, searched and seized documents from Arrington's jail cell that they believed may have been covered by the Court's Protective Order, for standby counsel's later review. The Court determined that there was no evidence that the Government, FBI agents, or jail staff retained or destroyed, or gleaned any information from, those documents.

Thus, Arrington's motion *in limine* to dismiss/ preclude is denied—as this motion is a veiled attempt for the Court to run counter to its previous determination.

### C. Motion to preclude the testimony of three Government witnesses at trial and/or to dismiss the Superseding Indictment, due to "outrageous" governmental and prosecutorial misconduct at the grand jury proceedings

Arrington also moves *in limine* for the Court to preclude the Government from calling three more of its witnesses (*i.e.*, Damario James, Spencer Rogers, and Ja-Quan Johnson) at trial and/or to dismiss the Superseding Indictment, due to alleged misconduct and/or hearsay at the grand jury proceedings, and alleged inconsistencies between their grand jury testimony and their testimony at the first trial. He appears to do so pursuant to Rules 401 and 403.

This Court previously denied Arrington's motion for disclosure of grand jury materials, pursuant to Federal Rule of Criminal Procedure 6, as well as his more recent motion for reconsideration of that decision. *See* Dkt. No. 657, pp. 15-22 (denial of initial motion); Dkt. No. 778 (denial of motion for reconsideration). For that reason, and generally the reasons stated in the Government's opposition to this motion (*see* Dkt. No. 791, pp. 4-11), Arrington's motion to preclude, wholesale, the Government from calling any of these three witnesses at the retrial is denied. So that the Court may place the motion "in the appropriate factual context," Arrington may of course raise any hearsay-related or other objections to these witnesses' s specific testimony during the trial, to which the Government may respond. Arrington may also cross-examine these witnesses during the trial regarding any inconsistencies in their testimony.

14

**CONCLUSION**

The motions *in limine* from the parties as to the admissibility of evidence are decided in the manner explained above. The parties are reminded that "a district court's ruling on a motion *in limine* is preliminary and 'subject to change when the case unfolds.'" *United States v. Johnson*, 16-CR-457-1 (NGG), 2017 U.S. Dist. LEXIS 190968, *5 (E.D.N.Y. Sept. 21, 2017), quoting *Luce*, 469 U.S. at 41.

**SO ORDERED.**

                                             *s/Richard J. Arcara*
                                         HONORABLE RICHARD J. ARCARA
                                         UNITED STATES DISTRICT COURT

Dated:  September 6, 2022
           Buffalo, New York